## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YYZ, LLC, a Pennsylvania limited liability company, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| HEWLETT-PACKARD COMPANY, a Delaware Company, | ) ) ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff YYZ, LLC ("YYZ"), for its Complaint against Defendant Hewlett-Packard Company ("HP"), hereby alleges as follows:

### The Parties

1.      Plaintiff YYZ is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Glen Mills, Pennsylvania.

2.      Defendant HP is a corporation organized and existing under the laws of Delaware, with its principal place of business in Palo Alto, California.

### Nature of the Action

3.      This is a civil action for the infringement of United States Patent Nos. 7,062,749 ("the '749 Patent") (attached as Exhibit A) and 7,603,674 ("the '674 Patent") (attached as Exhibit B) (collectively, "the patents-in-suit") under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

### Jurisdiction and Venue

4.      This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

5.      This Court has personal jurisdiction over Defendant because, among other things, Defendant is incorporated in Delaware and has done business in Delaware.  On information and belief, Defendant has committed and/or participated in the commission of patent infringement in Delaware and elsewhere in the United States, and has harmed and continues to harm YYZ in Delaware.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## The Patents-in-Suit

7.      On June 13, 2006, the '749 Patent, titled "Measuring, Monitoring and Tracking Enterprise Communications and Processes," was duly and legally issued by the United States Patent and Trademark Office ("US PTO").

8.      On January 10, 2013, the US PTO issued a reexamination certificate for the '749 Patent and confirmed original claims 1-58 of the '749 Patent.

9.      YYZ is the assignee of all rights, title, and interest in the '749 Patent, and possesses all rights to sue and recover for any current or past infringement of the '749 Patent.

10.     On October 13, 2009, the '674 Patent, titled "Apparatus And System For Measuring, Monitoring, Tracking and Simulating Enterprise Communications and Processes," was duly and legally issued by the US PTO.

11.     On January 4, 2013, the US PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate for the '674 Patent and confirmed original claims 1-173 of the '674 Patent.

12.     YYZ is the assignee of all rights, title, and interest in the '674 Patent, and possesses all rights to sue and recover for any current or past infringement of the '674 Patent.

13.     The '749 and '674 Patents claim apparatuses and methods for measuring, monitoring, and tracking enterprise communications and processes in an asynchronous

messaging environment.

### Defendant's Pre-Suit Knowledge of the Patents-In-Suit

14.     On information and belief, Defendant has had knowledge of the patents-in-suit since at least early 2010 through Allied Security Trust (AST), of which Defendant was a member.

15.     In 2010, YYZ had an agreement with AST by which AST could offer sublicenses of the patents-in-suit to its members, including Defendant.  A number of AST members took a license to the patents-in-suit.

16.     Upon information and belief, Defendant was offered such sublicense by AST.

17.     In June 2010, YYZ directly contacted Mikhail Lotvin, Defendant's senior in-house counsel, regarding the patents-in-suit.

18.     From then until early 2011, Mr. Lotvin and YYZ discussed Defendant taking a license to the patents-in-suit.  As part of those licensing discussions, YYZ informed Defendant through written correspondences and claim charts, and that Defendant's products, including HP Business Availability Center, HP Business Service Level Management software, HP TransactionVision, and HP Business Process Insight, infringe the patents-in-suit.

### Count I

### Infringement of U.S. Patent No. 7,062,749

19.     Paragraphs 1-18 are incorporated by reference as if fully restated herein.

20.     Defendant has infringed, and continues to infringe, the '749 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering for sale, and/or selling products that contain or incorporate business process or business activity monitoring, measuring, or tracking functionalities as claimed in the '749 Patent ("'749 Infringing Products"), including at least the HP Business Availability Center, HP Business Service Management and HP Application Performance Management, including the Transaction Management application, HP TransactionVision, and HP Business Process Insight.

21.     Defendant has indirectly infringed and continues to indirectly infringe the '749

Patent.

22.     Since Defendant has been on notice of the '749 Patent, Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '749 Patent by others (e.g., Defendant's customers and the users of the '749 Infringing Products) by making, using, offering for sale, selling, and/or importing the '749 Infringing Products, knowing the '749 Patent and its claims, knowing that others will use the '749 Infringing Products in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses of the '749 Infringing Products through the creation and dissemination of promotional and marketing materials, instruction materials, product manuals, and technical materials related to the '749 Infringing Products.

23.     Since Defendant has been on notice of the '749 Patent, Defendant has also contributed to the direct infringement by others (e.g., Defendant's customers and the users of the '749 Infringing Products), and continues to contribute to direct infringement by others, by making, using, offering for sale, selling, and/or importing the '749 Infringing Products into the United States knowing the '749 Patent and its claims, knowing that others will use the '749 Infringing Products in an infringing manner, knowing that those products constitute a material part of the invention of the '749 Patent, knowing those products to be especially made or adapted to infringe the '749 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

24.     To date, upon information and belief, Defendant has not made any changes to the relevant operation of the '749 Infringing Products and has not provided its customers and the users of the '749 Infringing Products instructions on how to avoid infringement since they had notice of the '749 Patent.

25.     To date, Defendant has not produced or relied upon an opinion of counsel related to the '749 Patent

26.     YYZ has been and continues to be damaged by Defendant's infringement of the '749 Patent.

27.     Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe the '749 Patent despite having received notice of its infringement from YYZ.

## Count II

### Infringement of U.S. Patent No. 7,603,674

28.     Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29.     Defendant has infringed, and continues to infringe, the '674 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering for sale, and/or selling products that contain or incorporate business process or business activity monitoring, measuring, or tracking functionalities as claimed in the '674 Patent ("'674 Infringing Products"), including at least the HP Business Availability Center, HP Business Service Management and HP Application Performance Management, including the Transaction Management application, HP TransactionVision, and HP Business Process Insight.

30.     Defendant has indirectly infringed and continues to indirectly infringe the '674 Patent.

31.     Since Defendant has been on notice of the '674 Patent, Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '674 Patent by others (e.g., Defendant's customers and the users of the '674 Infringing Products) by making, using, offering for sale, selling, and/or importing the '674 Infringing Products, knowing the '674 Patent and its claims, knowing that others will use the '674 Infringing Products in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses of the '674 Infringing Products through the creation and dissemination of promotional and marketing materials, instruction materials, product manuals, and technical materials related to the '674 Infringing Products.

32.     Since Defendant has been on notice of the '674 Patent, Defendant has also contributed to the direct infringement by others (e.g., Defendant's customers and the users of the '674 Infringing Products), and continues to contribute to direct infringement by others, by making, using, offering for sale, selling, and/or importing the '674 Infringing Products into the

United States knowing the '674 Patent and its claims, knowing that others will use the '674

Infringing Products in an infringing manner, knowing that those products constitute a material

part of the invention of the '674 Patent, knowing those products to be especially made or adapted

to infringe the '674 Patent, and knowing that those products are not staple articles or

commodities of commerce suitable for substantial non-infringing use.

33.     To date, upon information and belief, Defendant has not made any changes to the

relevant operation of the '674 Infringing Products and has not provided its customers and the

users of the '674 Infringing Products instructions on how to avoid infringement since they had

notice of the '674 Patent.  Defendant continues to disseminate the same promotional and

marketing materials, instruction materials, product manuals, and technical materials related to the

'674 Infringing Products as before.

34.     To date, Defendant has not produced or relied upon an opinion of counsel related

to the '674 Patent

35.     YYZ has been and continues to be damaged by Defendant's infringement of the

'674 Patent.

36.     Upon information and belief, Defendant has willfully infringed, and continues to

willfully infringe the '674 Patent despite having received notice of its infringement from YYZ.

**Prayer for Relief**

Wherefore, Plaintiff YYZ respectfully requests that this Court enter judgment against

Defendant HP as follows:

a)  adjudging that the Defendant has infringed, literally or under the doctrine of equivalents,

    U.S. Patent Nos. 7,062,749 and 7,603,674;

b)  awarding YYZ the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's

    past infringement and any continuing or future infringement up until the date Defendant

    is finally and permanently enjoined from further infringement, including both

    compensatory damages and enhanced/treble damages of willful infringement, and

ordering a full accounting of same;

c)   awarding YYZ pre-judgment and post-judgment interest on its damages; and

d)   awarding YYZ such other and further relief in law or equity that the Court deems just and proper.

### Demand for Jury Trial

YYZ hereby demands a trial by jury on all claims and issues so triable.


Dated:  January 24, 2013                                        FARNAN LLP

                                                                /s/ Brian E. Farnan
                                                                Brian E. Farnan (Bar No. 4089)
                                                                919 North Market Street
                                                                12th Floor
                                                                Wilmington, DE 19801
                                                                (302) 777-0300
                                                                (302) 777-0301
                                                                bfarnan@farnanlaw.com

                                                                *Counsel for Plaintiff*


Of Counsel:

Peter H. Chang
Bradford J. Black
Andrew G. Hamill
BLACK CHANG & HAMILL LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 813-6210
(415) 813-6222
pchang@bchllp.com
bblack@bchllp.com
ahamill@bchllp.com